IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **VICTOR MCKEEVER** | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | NO. 08-2905 |
| **JAMES J. MCGRADY, et al.** | : | |
| Respondents. | : | |

**O R D E R**

On March 23, 2005, I granted Petitioner's request for habeas corpus relief and stayed the writ to permit the Pennsylvania state court to vacate Petitioner's convictions under the Pennsylvania Corrupt Organizations Act and resentence him. 28 U.S.C. § 2254; see Civil Action No. 04-3567. The Third Circuit affirmed my decision. McKeever v. Warden SCI-Graterford, 486 F.3d 81 (3d Cir. 2007). On June 20, 2008, Petitioner filed the instant *pro se* habeas petition, challenging his April 26, 2005 resentencing by the Erie County Common Pleas Court. 28 U.S.C. § 2254; Doc. No. 1. On September 2, 2008, I referred the Petition to the Magistrate Judge for a Report and Recommendation. (Doc. No. 3.) I will accept the Magistrate's recommendation that I transfer the Petition to the Western District of Pennsylvania. (Doc. No. 5.)

Pursuant to 28 U.S.C. § 2241(d), venue is proper in "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." Petitioner is currently incarcerated at SCI Retreat in Luzerne County -- in the Middle District of Pennsylvania. Petitioner was convicted, sentenced, and resentenced in Erie County -- in the Western District of Pennsylvania.

Because § 2241(d) does not provide for venue in the Eastern District of Pennsylvania, the

1

Magistrate Judge recommended that I transfer this case to the Western District, where Petitioner was convicted, sentenced, and resentenced. Petitioner objects, arguing that I should not transfer because I decided Mr. McKeever's previous habeas petition. (Doc. No. 6.) Respondents agree, arguing that I should retain the matter in the interests of judicial economy. (Doc. No. 8.) I note that venue was proper in the Eastern District at the time of Petitioner's first habeas petition because Petitioner was then incarcerated in this District at SCI Graterford. See Civil Action No. 04-3567.

I have reviewed the Report and Recommendation *de novo*. See 28 U.S.C. § 636(b)(1)(C). Section 2241(d) provides for concurrent jurisdiction of this matter in the Middle and Western Districts of Pennsylvania. I can transfer to either district "[f]or the convenience of parties and witnesses, in the interest of justice." See 28 U.S.C. § 1404(a). Although the instant Petition is far from clear, Mr. McKeever appears to challenge his state court conviction, sentencing, and resentencing, alleging his actual innocence of the underlying charges, ineffective assistance of trial counsel, and Brady violations. Because Petitioner was convicted, sentenced, and resentenced in Erie County, the Western District is the most appropriate forum. The records and witnesses from Petitioner's trial and subsequent state court proceedings are in that District. Moreover, the wide-ranging issues Petitioner apparently seeks to raise are quite distinct from the narrow legal question I addressed three and a half years ago. Accordingly, I find that the interests of judicial economy do not require me to retain this matter where venue is otherwise improper. On the contrary, I believe transfer to the Western District would best serve the interests of judicial economy. See, e.g., Stovall v. Lawler, No. 08-1536, 2008 WL 3914587 (M.D. Pa. Aug. 20, 2008) (transferring § 2254 case to the Western District of Pennsylvania, where the petitioner

was convicted in Erie County, because the trial court, records, witnesses, and counsel were likely located in the Western District).

**AND NOW**, this 26th day of November, 2008, upon consideration of the Petition for Writ of Habeas Corpus, the Report and Recommendation of the Magistrate Judge, Petitioner's Objections, and Respondents' Response, it is **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.

2. Petitioner's Objections to the Report and Recommendation are **OVERRULED**.

3. The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is **TRANSFERRED** to the United States District Court for the Western District of Pennsylvania in accordance with 28 U.S.C. § 2241(d).

4. The Clerk of the Court shall transmit the original record to the United States District Court for the Western District of Pennsylvania.

5. There is no probable cause to issue a certificate of appealability because Petitioner has failed to show a denial of a constitutional right based on the determination that the Petition should be transferred to another venue.

6. The Clerk of the Court shall close this case for statistical purposes.

        **IT IS SO ORDERED.**

        /s/ Paul S. Diamond

        _____

        **PAUL S. DIAMOND, J.**