IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR McKEEVER, | ) | |
| Petitioner, | ) | Civil Action No. 09-3 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| JAMES J. McGRADY, et al., | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the Petition For Writ Of Habeas Corpus be denied and that a certificate of appealability be denied.

**II.   REPORT**

**A.    Relevant Background**

On January 13, 1995, the Commonwealth of Pennsylvania filed an 11-count Information against the Petitioner, Victor McKeever, arising out of his possession and delivery of heroin. He was charged with six counts of delivery of a controlled substance, one count of dealing in proceeds of unlawful activities, one count of criminal conspiracy to violate the state Drug Act, one count of possession of a controlled substance, and two counts of violating the Pennsylvania anti-racketeering statute, the Pennsylvania Corrupt Organizations Act ("PACOA"). McKeever v. Warden SCI-Graterford, 486 F.3d

81, 83 (3d Cir. 2007) (setting forth the history of this case). Attorney John H. Daneri was appointed to represent him.

McKeever pleaded guilty on July 24, 1995, to ten counts in exchange for the Commonwealth's promise not to object to a sentencing scheme set forth in the agreement. The details of the sentencing scheme as set forth in the plea agreement were as follows: Count I (dealing in proceeds of unlawful activities): 1-5 years concurrent with Count V; Count II (PACOA): 1-7 years merged with Count III and concurrent with Count V; Count III (PACOA): 1-7 years merged with Count II and concurrent with Count V; Count IV (criminal conspiracy): 2-7 years concurrent with Count V; Count V (delivery of a controlled substance): 2-7 years consecutive to McKeever's then current sentence; Count VI (delivery of a controlled substance): 2-7 years consecutive to Count V; Count VII (delivery of a controlled substance): 3-7 years consecutive to Count VI; Count VIII (delivery of a controlled substance): 2-7 years consecutive to Count VII; Count IX (delivery of a controlled substance): 3-7 years consecutive to Count VIII; Count X (delivery of a controlled substance): 3-7 years consecutive to Count IX. Thus, McKeever's two PACOA counts merged with each other, and were made concurrent with one of the six drug delivery counts. They did not have any effect on the actual length of his sentence. Id.

Although McKeever, through Attorney Daneri, timely appealed his sentences to the Superior Court of Pennsylvania, he withdrew that appeal, which the Superior Court dismissed on October 2, 1995. Under Pennsylvania law, McKeever's judgment of sentences became final on that date for the purposes of determining the timeliness of any petition he would later file under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. Commonwealth v. McKeever, 947 A.2d 782, 784 (Pa.Super. 2008), citing Commonwealth v. Conway, 706 A.2d 1243 (Pa.Super. 1997) (judgment of sentence final for the purposes of determining whether a PCRA motion is timely filed on the date when appeal is discontinued voluntarily).

Over the course of the next several years, the Pennsylvania Supreme Court issued two decisions that were relevant to McKeever's PACOA convictions. In 1996, it held in Commonwealth v. Besch, 674 A.2d 655 (1996), that the PACOA did not apply to individuals who, like McKeever, operated wholly illegitimate businesses. Later that year, the Pennsylvania legislature, responding to this interpretation, amended the PACOA to apply to businesses with wholly illegitimate operations. 18 Pa.C.S. § 911 (1997). In 1999, however, the Pennsylvania Supreme Court held that the amended act was to be applied prospectively only. Commonwealth v. Shaffer, 734 A.2d 840, 843 (1999).

In January of 2003, McKeever collaterally challenged his PACOA convictions under the PCRA, alleging: (1) that they should be vacated because he operated a wholly illegitimate business; (2) that his guilty plea was based upon mutual mistake of fact; and (3) that his guilty plea should be rescinded. See McKeever, 486 F.3d at 84.

The Court of Common Pleas of Erie County dismissed the PCRA petition as untimely and not subject to any exceptions under 42 Pa.C.S. § 9545(b)(1). Under a proviso of the 1995 amendments to the PCRA (which enacted the one-year statute of limitations) if, as is the case here, a judgment of sentence became final before the January 16, 1996, effective date of the amendments, a PCRA petition will be considered timely filed if it was filed by January 16, 1997 (one year from the effective date). The Common Pleas Court held that McKeever's PCRA petition would have been timely if filed by January 16, 1997. Because, however, it was filed in January of 2003, more than six years from that date, it was untimely. The Superior Court affirmed. See McKeever, 486 F.3d at 84.

On July 28, 2004, McKeever filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 in the U.S. District Court for the Eastern District of Pennsylvania. The bulk of his claims related to the Pennsylvania Supreme Court's decision in Besch, and he argued that under Pennsylvania statutory and case law, he was actually innocent of the two PACOA counts included in his plea agreement.

3

McKeever also argued (as he does in the instant habeas petition) that the Court of Common Pleas lacked jurisdiction over certain drug transactions that occurred in Allegheny County.  Finally, McKeever argued that his direct appellate counsel (Attorney Daneri) was ineffective for abandoning him.  (See Report and Recommendation (ECF No. 9) in McKeever v. DiGuglielmo et al., No. 04-3567 at p. 2 (E.D. Pa. Dec. 1, 2004) (summarizing habeas claims)).

The Magistrate Judge to whom the case was referred issued a Report and Recommendation in which he recommended that McKeever receive habeas relief *only as to his PACOA convictions*.  It denied his petition in all other respects.  The Magistrate Judge explained that McKeever's default of claims challenging his two PACOA convictions (that is, his failure to comply with the PCRA's statute of limitations) should be excused because he could not raise those claim until 1999 (when the Pennsylvania Supreme Court held in Shaffer that the amended PACOA was to be applied prospectively only) and thus was unable to raise them prior to the expiration of the PCRA's statute of limitations on January 16, 1997.  The Magistrate Judge advised the district court to grant McKeever's habeas petition in part and order the state court to vacate the two PACOA convictions and resentence him accordingly.  (Report and Recommendation (ECF No. 9) in McKeever v. DiGuglielmo et al., No. 04-3567 at pp. 6-8).

In his Objections, McKeever argued that the appropriate remedy was the rescission of the 1995 plea agreement.  On March 23, 2005, the Eastern District Court issued a Memorandum and Order adopting the Report and Recommendation, granting the writ of habeas corpus relief in part, and staying execution of the writ for 180 days to permit the state court to fashion the appropriate remedy. (Memorandum Order (ECF No. 20) in McKeever v. DiGuglielmo et al., No. 04-3567, slip op. (E.D. Pa. Mar. 23, 2005)).

McKeever filed an appeal with the U.S. Court of Appeals for the Third Circuit.  At the same time, he was pursuing relief in state court.  The Court of Common Pleas had denied various motions he

had filed prior to re-sentencing, including his motion to quash the original criminal information, a motion to withdraw the guilty plea, and a motion for recusal of the sentencing judge. Commonwealth v. McKeever, 947 A.2d 782, 784 (Pa.Super. 2008) (recounting history of this case). "The trial court denied these motions, and, on April 26, 2005, vacated McKeever's PACOA sentences. The trial court did not disturb [McKeever's] sentences for his remaining convictions. Consequently, [McKeever's] aggregate sentence remained 15-42 years of incarceration." Id.

McKeever appealed, and the Superior Court affirmed. He then filed a petition for allowance of appeal, which was denied by the Pennsylvania Supreme Court on September 13, 2006. Commonwealth v. McKeever, 907 A.2d 1101 (Pa. 2006).

On May 10, 2007, the Third Circuit Court issued an Opinion in which it affirmed the Eastern District Court's decision. McKeever, 486 F.3d at 82-89. In his appeal to that court, McKeever had argued that the district court erroneously failed to order the state court to vacate his guilty plea in its entirety and either retry or release him. The Third Circuit Court rejected this argument and held that the district court did not err in granting McKeever's writ of habeas corpus and leaving the remedy to the state court. In so holding, the court rejected McKeever's contention that his guilty plea should be vacated in its entirety because it was premised on the belief of both parties that he was guilty of the two PACOA counts and was, therefore, neither voluntarily or intelligently made. Id. at 85-86. The Third Circuit Court also rejected McKeever's contention that because the plea agreement was based upon a mutual mistake, it should be rescinded. Id. at 86-89.

On May 17, 2007, about a week after the Third Circuit Court issued its decision denying his appeal, McKeever filed a second PCRA petition with the Court of Common Pleas. On July 31, 2007, that court dismissed it. McKeever filed an appeal, in which he raised the following eight claims for relief:

5

| Claim 1 | The indictment and information to which he pleaded guilty was void at inception based on a constructive amendment in regards to a fraudulent, nonexistent criminal count (Count 6, delivery of a controlled substance), within the information which resulted in intrinsic/extrinsic fraud, and fraud upon the court, which requires discharge from custody; |
|---|---|
| Claim 2 | Actual innocence of Count 6 (delivery of a controlled substance) and actual innocence of the sentences imposed on Counts 6 through 10 (all of which were for delivery of a controlled substance), "based upon actual fraud in regards to an intentional fabrication and altering of the sentencing guideline form by the presentence investigator rendering the sentences on those counts were based upon misinformation." |
| Count 3 | The Court of Common Pleas and the Deputy Attorney General were retroactively divested of jurisdiction; |
| Count 4 | All prior counsel were ineffective for failing to investigate Count 6 (delivery of a controlled substance) which was "a fraudulent, nonexistent, fabricated criminal count"; |
| Count 5 | The trial court abused its discretion and illegally and excessively resentenced him when it reimposed the same 15 to 42 year aggregate sentence; |
| Count 6 | Wiretap evidence should have been suppressed; |
| Count 7 | The trial court lacked jurisdiction over Count IV (criminal conspiracy) because no overt conspiracy occurred in Erie County; and, |
| Count 8 | The prosecution suppressed evidence in violation of its obligations under Brady v. Maryland, 373 U.S. 83 (1963), regarding informant Miles Short.[1] |

---

[1] In support of his Brady claim, McKeever stated that on April 19, 1995, before Judge Domitrovich, an omnibus pretrial motion hearing was held in regards to suppression of wiretap evidence and the alleged voluntary consent of Tracee Chrzanowski, the girlfriend of informant Short. McKeever stated that on cross-examination, Agent Grey testified that Short was not in any trouble at the time his girlfriend gave consent to the wiretapping. McKeever stated that testimony was untrue because criminal court docket entries show that Short was incarcerated in Erie County Jail on a probation violation during the relevant time period. McKeever argued that "[t]he fact that Mr. Short had a probation violation pending at the time Ms. Chrzanowski gave her consent[] was impeachment evidence never disclosed to the defense at the suppression hearing." (See Resp't App. G, ECF No. 17-9 at pp. 67-69, *Appellant Brief* in Commonwealth v. McKeever, No. 1631 WDA 2007 (Pa. Super. Oct. 2007)). Although McKeever claimed that the alleged impeachment evidence was "newly discovered," it was a matter of public record. Moreover, he failed to establish why he could not have discovered that information earlier.

(See Resp't App. G, ECF Nos. 17-9 through 17-12, *Appellant Brief* in Commonwealth v. McKeever, No. 1631 WDA 2007 (Pa. Super. Oct. 2007)). These are the same claims that McKeever now raises in the instant habeas petition.[2]

The Superior Court determined that McKeever's second PCRA petition was untimely and that he did not prove that one of the exceptions to the timeliness requirement enumerated in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) was applicable. McKeever, 947 A.2d at 784-85. Under Pennsylvania law, the timeliness requirement is jurisdictional and therefore no court may disregard, alter, or create equitable exceptions to the timeliness requirement in order to reach the substance of a petitioner's arguments. Id. at 785, citing Commonwealth v. Davis, 916 A.2d 1206 (Pa. Super. 2007). The Superior Court held:

> [T]he record reveals that Appellant's judgment of sentence became final on October 2, 1995, the date Appellant discontinued his direct appeal. See Commonwealth v. Conway, 706 A.2d 1243 (Pa.Super. 1997) (judgment of sentence final for PCRA purposes when appeal is discontinued voluntarily)….
>
> The Eastern District Court's grant of federal habeas corpus relief as to Appellant's corrupt organizations convictions does not "reset the clock" for the finality of Appellant's judgment of sentence so as to make the present PCRA petition Appellant's "first" for timeliness purposes. To explicate, as we held in Commonwealth v. Dehart, 730 A.2d 991, 994 n. 2 (Pa.Super. 1999), a successful first PCRA petition does not "reset the clock" for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only. We reached this conclusion because the purpose of the PCRA is to prevent an unfair conviction. Id., 730 A.2d at 994 n. 2. This conclusion applies with even greater force to the case before us.
>
> Although Appellant successfully challenged his corrupt organizations convictions and sentences successfully in federal court, the remainder of his convictions, each having a distinct sentence, were not disturbed by the Eastern District Court's grant of habeas corpus relief or by the trial court when it vacated the corrupt organizations sentences in its resentencing order. Further, while it is correct that Appellant had an absolute

---

[2] Claims 1 through 4 of the instant habeas petition track the first four claims that McKeever raised before the Superior Court in the second PCRA proceeding. At page 10 of the habeas petition, McKeever indicated that his grounds for relief "continued on back." The reverse of page 10 was not scanned electronically. The Court shall give McKeever the benefit of the doubt and assume that it is his intent to raise in this proceeding all of the claims that he raised to the Superior Court in the second PCRA proceeding.

7

constitutional right to appeal his judgment of sentence entered after the Eastern District Court's grant of habeas corpus relief, see Pa. Const. Art. V, § 9, in that direct appeal, he was permitted to raise issues pertaining only to the re-sentencing procedure itself; his underlying claims of trial error regarding his non-vacated convictions could not be addressed on direct appeal from re-sentencing. See Commonwealth v. Gaito, 277 Pa.Super. 404, 419 A.2d 1208, 1211, 1211 n. 4 (1980). Therefore, for purposes of the PCRA, those convictions and their sentences became final on October 2, 1995. Cf. Dehart, 730 A.2d at 994 n. 2 (grant of PCRA relief per se in first petition does not "reset clock" of finality of judgment of sentence; "clock" is reset only where direct appeal rights are restored or original conviction is disturbed). Our conclusion is wholly supported by the principle that, where a defendant is convicted of multiple charges and sentenced on those charges separately, his appellate challenge to one of the sentences, to the exclusion of the others, does not affect the operation of the other sentences. See Commonwealth v. DeBooth, 379 Pa.Super. 522, 550 A.2d 570, 573 n. 2 (1988).

Accordingly, as the non-vacated sentences became final on October 2, 1995, the present PCRA petition, Appellant's second, was patently untimely. See 42 Pa.C.S.A. § 9545(b)(1); see also Dehart, 730 A.2d at 994 n. 2. As Appellant has not pleaded and proved any exceptions to the timeliness requirement, the PCRA court lacked jurisdiction to entertain the merits of his claims. See Commonwealth v. Burton, 936 A.2d 521, 527 (Pa.Super.2007).

Id. at 784-86 (footnotes omitted).

### B. Discussion

Respondents contend, *inter alia*, that because the Superior Court denied McKeever relief on his claims based upon a state procedural rule of statute of limitations, the claims are denied under his "procedural default" doctrine.[3] [ECF No. 20]. This doctrine is "grounded in concerns of comity and federalism," Coleman v. Thompson, 501 U.S. 722, 729-30 (1991), and it bars federal habeas review

---

[3] Although Respondents have not raised the issue, it appears to the Court that the instant petition may be an unlawful second or successive petition under 28 U.S.C. § 2244(b). See Burton v. Stewart, 549 U.S. 147 (2007); Magwood v. Patterson, — U.S. — , 130 S.Ct. 2788 (2010). However, because the parties have not submitted all of the state court records that may be required to adequately consider the issue, and because McKeever's claims clearly are procedurally defaulted, it is recommended that the Court deny the petition on that latter basis. See Magwood, 130 S.Ct. at 2801-02 (underscoring "that procedural-default rules continue to constrain review of claims in all applications [for habeas relief], whether the applications are 'second or successive' or not.").

whenever the petitioner has failed to comply with the state's procedural rules, whether this failure occurred at trial, on appeal, or during post-conviction review. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wainwright v. Sykes, 433 U.S. 72 (1977).

The procedural default doctrine prohibits federal habeas courts from reviewing a state court decision involving a federal question if the state court decision is based on a rule of state law that is "independent" of the federal question and "adequate" to support the judgment. See, e.g., Gray v. Netherland, 518 U.S. 152, 162 (1996); Coleman, 501 U.S. at 732. A state rule of procedure is "independent" if it does not depend for its resolution on answering any federal constitutional question. See, e.g., Ake v. Oklahoma, 470 U.S. 68, 75 (1985). That is the case here, since the Superior Court's decision was based on the application of a state statute of limitations rule. A state rule is "adequate" if it is "firmly established and regularly followed" at the time that the alleged procedural default occurred. Ford v. Georgia, 498 U.S. 411, 423-24 (1991). See also Nara v. Frank, 488 F.3d 187, 199 (3d Cir. 2007) (a state rule is adequate when a state appellate court reviewing the petitioner's claim refused to review it on the merits because the petitioner failed to comply with the rule and the state court's refusal was consistent with other decisions); Beard v. Kindler, — U.S. —, 130 S.Ct. 612 (2009) (discretionary state rules can be "adequate"). The state rule at issue here qualifies as "adequate" because it was firmly established and regularly followed in non-capital cases at the time McKeever's default occurred (between January 16, 1996, and January 16, 1997).[4]

---

[4] In Claim 5, McKeever argues that his 15-42 year aggregate sentence is excessive and that the state court abused its discretion when it resentenced him to that same term in 2005. McKeever has not shown why he could not have raised that claim to the state court in a timely fashion. However, even if he could make a viable argument that his 2005 resentencing "reset the clock" for that claim, this Court should still reject it. That is because sentencing is generally considered a matter of state criminal procedure, which does not fall within the purview of federal habeas review. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Unless a habeas petitioner can show that a state sentence constitutes cruel and unusual punishment prohibited by the Eighth Amendment, or that it is arbitrary or otherwise in violation of due process, the legality of a sentence is purely a question of state law. See, e.g., Chapman v. United States, 500 U.S. 453,

A petitioner whose constitutional claims are procedurally defaulted can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.,* that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986).[5] McKeever has not met that burden. Id.

Accordingly, the Superior Court's dismissal of all of the claims at issue here was supported by independent and adequate state law grounds and therefore those claims are procedurally defaulted and must be denied.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S.

---

465 (1991); Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42- 43 (3d Cir. 1984). McKeever has not shown that his sentences violate his Eighth Amendment or due process rights.

[5] Another exception to the procedural default doctrine is the "miscarriage of justice" exception. It provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). It only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Id. It is not applicable to this case.

10

473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of McKeever's claims should be denied. Accordingly, a certificate of appealability should be denied.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition For Writ Of Habeas Corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, — F.3d —, 2011 WL 635274 at *4 n.7 (3d Cir. Feb. 9, 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  May 20, 2011

cc:     The Honorable Sean J. McLaughlin
        United States District Judge